MICHAEL BAILEY
United States Attorney
District of Arizona
Lori L. Price
State Bar No. 025698
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: lori.price@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 16-1254-TUC-JAS (LCK) |
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| Gary Steven Colldock, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

<u>PLEA</u>

1. The defendant agrees to plead guilty to Count 3 of the Indictment, which charges the defendant with a felony violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), Possession with Intent to Distribute Methamphetamine. The remaining counts in the Indictment will be dismissed at sentencing, including Count 7, Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. 924(c)(1)(A)(i), which carries an additional five-year mandatory minimum sentence.

<u>Elements of the Offense</u>

2. The defendant knowingly and intentionally possessed a quantity of methamphetamine; and

3. The defendant intended to deliver the methamphetamine to another person.

4.  As a sentencing factor, the government would be required to prove that the quantity of methamphetamine possessed was 500 grams or more (approximately 699.34 grams).

### Maximum Penalties

5.  The defendant understands that the maximum penalties for the offense to which he is pleading are a fine of $10,000,000.00, a term of life imprisonment with a mandatory minimum term of ten (10) years, or both, and a term of between five (5) years and lifetime supervised release.

6.  The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions pursuant to 18 U.S.C. § 3611 and U.S.S.G. 5E1.2(e).

7.  Pursuant to 18 U.S.C. § 3013, the defendant must pay a special assessment of $100.00 per felony count. The special assessment is due and payable at the time the defendant enters the plea of guilty, but in no event shall be paid later than the time of sentencing unless the defendant is indigent. If the defendant is indigent, the special assessment will be collected according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

### Drug Conviction & Immigration Consequences

8.  The defendant understands and acknowledges that pleading guilty may result in the termination or denial of certain food stamp, social security, and other benefits for defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

9.  The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is a recently naturalized United States citizen or is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States. The defendant agrees that he has discussed this eventuality with his attorney. The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration

1  consequences that this plea entails, even if the consequence is the defendant's automatic

2  removal from the United States.

3  <center>STIPULATIONS, TERMS, AND AGREEMENTS</center>

4  <center>Agreements Regarding Sentencing</center>

5  10. Guideline Calculations: Although the parties understand that the Guidelines are only

6  advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a)

7  in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties

8  stipulate and agree that the following guideline calculations are appropriate for the

9  charge for which the defendant is pleading guilty:

10  | Base Offense Level | §2D1.1(c)(3) | 34 |
|---|---|---|
| Possessed a Firearm | §2D1.1(b)(1) | +0/2* |
| Mass Marketing on Computer | §2D1.1(b)(7) | +2 |
| Maintaining Premises for Drug Distribution | §2D1.1(b)(12) | +2 |
| U.S.S.G. Safety Valve | §2D1.1(b)(18) | -2/0** |
| Acceptance of Responsibility | §3E1.1(a) & (b) | -3 |
| Early Disposition/Government Savings | §5K3.1/5K2.0 | <u>-2</u> |
| Total Adjusted Offense Level: | | 31/35 |

18  *The parties agree the court will determine whether this enhancement applies.

19  **This reduction only applies if defendant satisfies all requirements of U.S.S.G. §§

20  2D1.1(b)(18) & 5C1.2. The parties agree the court will determine whether the defendant

21  is safety valve eligible.

22  11. The government and the defendant agree and stipulate that, for purposes of entering

23  into this plea agreement, the defendant's Base Offense Level will be calculated on the

24  basis that the controlled substance was 699.34 grams of "ICE", a mixture or substance

25  that is 80% or more pure methamphetamine. §2D1.1(c), Application Note (C).

26  12. The parties agree the defendant was an average participant in the offense.

27  13. The parties disagree as to the applicability of §2D1.1(b)(1), (possession of a firearm

28  enhancement), and the defendant's eligibility for Safety Valve pursuant to 18 U.S.C. §

<center>- 3 -</center>

3553(f), and U.S.S.G. §§ 2D1.1(b)(18) & 5C1.2. The parties agree and stipulate to the District Court's determination of whether the firearm enhancement applies under §2D1.1(b)(1) and whether the defendant meets Safety Valve criteria. The parties agree and stipulate that the District Court's determination on these issues is final and will not be appealable.

14. Sentencing Agreement if Defendant is Statutorily Safety Valve Eligible: Pursuant to U.S.S.G., § 5K3.1, and Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the defendant stipulate and agree that the following are the applicable guideline ranges for the offense, if the defendant is eligible for sentencing under the provisions of the "Safety Valve" Act, 18 U.S.C. § 3553(f). The parties agree and stipulate that the District Court shall have the final determination on whether the defendant meets all of the requirements set forth in 18 U.S.C § 3553(f) prior to sentencing. Ranges of sentence if the defendant is Safety Valve eligible are set forth below:

108 to 135 months imprisonment if defendant's Criminal History Category is I;

121 to 151 months imprisonment if defendant's Criminal History Category is II;

135 to 168 months imprisonment if defendant's Criminal History Category is III.

151 to 188 months imprisonment if defendant's Criminal History Category is IV;

168 to 210 months imprisonment if defendant's Criminal History Category is V;

188 to 235 months imprisonment if defendant's Criminal History Category is VI.

   a. The defendant may withdraw from the plea agreement if he receives a sentence in excess of 235 months imprisonment.

   b. The defendant may not move for any adjustments in Chapters Two, Three or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines.

   c. The defendant may argue for a variance under 18 U.S.C. § 3553(a) in support of a sentence request below the stipulated range in this agreement, and the government may oppose the requested variance. The government, however, will

1    not withdraw from the agreement if the defendant argues for, and the Court

2    grants, a variance below the stipulated range in this agreement.

3  15. Sentencing Agreement if Defendant is Not Statutorily Safety Valve Eligible: Pursuant

4    to U.S.S.G., § 5K3.1, and Fed. R. Crim. P., Rule 11(c)(1)(C), **the government and the**

5    **defendant stipulate and agree that if the defendant is not eligible for sentencing**

6    **under the provisions of paragraph 14 because the defendant has not met the**

7    **eligibility requirements of the provisions of the "Safety Valve" Act, 18 U.S.C. §**

8    **3553(f), his sentence will be 120 months' imprisonment.**

9        a.  The defendant may withdraw from the plea agreement if he receives a sentence

10            in excess of the 120 months' imprisonment. The government may withdraw

11            from the plea agreement if the Court sentences the defendant to less than the 120

12            months' imprisonment.

13        b.  The defendant may not move for any adjustments in Chapters Two, Three or

14            Four of the Sentencing Guidelines or any "departures" from the Sentencing

15            Guidelines. The defendant may not argue for a variance under 18 U.S.C. §

16            3553(a) in support of a sentence request below the stipulated range in this

17            agreement.

18  16. The government and the defendant further stipulate and agree that the defendant will

19      serve a minimum five-year term of supervised release after his term of imprisonment

20      and he will not be eligible for early termination of that supervision.

21  17. The defendant understands that if the defendant violates any of the conditions of his

22      supervised release, the supervised release may be revoked. Upon such revocation,

23      notwithstanding any other provision of this agreement, the defendant may be required

24      to serve a term of imprisonment or the defendant's sentence may otherwise be altered.

25  18. **The government and the defendant further stipulate and agree that the defendant**

26      **will forfeit any and all interest to the United States in the 149.0252 Bitcoins in the**

27      **Wallet 14wpbHaX2KFUijyQVrwBLSnoyF2VRsH7Mh.** The defendant agrees these

28      Bitcoins are proceeds of his illegal drug-trafficking activity and that he is the sole

individual who has access to this Bitcoin wallet. The Bitcoin wallet cannot be accessed without the private passkey. The defendant has not provided this private passkey to the government. **Because the defendant has not provided the passkey to the government the defendant agrees to a money judgment in the amount of $884,203.93 as a substitute asset for the Bitcoin wallet. While the government is under no obligation to search for the private passkey, if the government does find the private passkey, the wallet will be liquidated to cash and will be applied to the defendant's money judgment. The parties agree the maximum amount of forfeiture for the 149.0252 Bitcoins in the Wallet 14wpbHaX2KFUijyQVrwBLSnoyF2VRsH7Mh will be $884,203.93.**

19. The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office. The defendant acknowledges that he has a pending case in the Southern District of Florida (Case Number 15-20841-CR-HUCK-OTAZO-REYES). This plea agreement does not resolve that case.

20. The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing. The defendant understands and agrees the United States retains unrestricted right to provide information and make any and all statements it deems appropriate to the Probation Office and to the Court in connection with this case.

21. If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim.

1    P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an
2    opportunity to withdraw the defendant's guilty plea.

3                          Assets and Financial Responsibility

4    22. The defendant must (i) make a full accounting of all assets, including real and personal
5    property in which the defendant has any legal or equitable interest; (ii) permit the U.S.
6    Attorney's office to immediately obtain the defendant's credit reports in order to
7    evaluate the defendant's ability to satisfy any financial obligation that is or might be
8    imposed by the court; (iii) make full disclosure of all current and projected assets to the
9    U.S. Probation Office immediately and prior to the termination of the defendant's
10   supervised release or probation, such disclosures to be shared with the U.S. Attorney's
11   Office, including the Financial Litigation Unit, for any purpose [as well as the financial
12   condition of all household members (including but not limited to that of a spouse or
13   child)]; (iv) cooperate fully with the government and the probation officer to execute
14   such documentation as may be necessary to secure assets to be applied to restitution
15   owed by the defendant. The defendant agrees to permit the probation officer to provide
16   to the U.S. Attorney's Office copies of any and all financial information provided by
17   the defendant to the U.S. Probation Office; (v) not (and shall not aid and abet any other
18   party to) sell, hide, waste, spend, destroy, transfer or otherwise devalue any such assets
19   or property before sentencing, without the prior approval of the United States (provided,
20   however, that no prior approval will be required for routine, day-to-day expenditures);
21   and (vi) submit to an interview in which the defendant will fully and truthfully answer
22   all questions regarding the defendant's past and present financial condition. The
23   defendant agrees that any failure to comply with the provisions in this paragraph that
24   occurs prior to sentencing will constitute a violation of this plea agreement.

25                                     Forfeiture

26   23. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in
27   violation of Title 21, United States Code, Section 841, the defendant, Gary Steven
28   Colldock, shall forfeit to the United States of America any property constituting, or

                                       - 7 -

1    derived from, any proceeds obtained, directly or indirectly, as the result of such offenses

2    and any property used, or intended to be used, in any manner or part, to commit, or to

3    facilitate the commission of, the offenses.

4    24. The defendant, Gary Steven Colldock, agrees to forfeit and pay $884,203.93 in U.S.

5    currency, which represents the amount of proceeds obtained as a result of the offense

6    held     in     the     149.0252     Bitcoins     in     the     Wallet

7    14wpbHaX2KFUijyQVrwBLSnoyF2VRsH7Mh (hereinafter "Money Judgment").

8    Defendant agrees that the monies were derived from proceeds of violations of Title 21,

9    United States Code, Section 853.

10   25. The defendant agrees that pursuant to Title 21, United States Code, Section 853(p), the

11   defendant has dissipated the Money Judgment, and that the United States will seek

12   forfeiture of any other property of said defendant up to the value of the Money

13   Judgment, including but not limited to all property, both real and personal, owned by

14   the defendant.

15   26. The defendant knowingly and voluntarily agrees to consent to the entry of orders of

16   forfeiture and waives the requirements of Federal Rules of Criminal Procedure, Rule

17   32.2 regarding notice of the forfeiture in the charging instrument, announcement of the

18   forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

19   27. The defendant acknowledges that he understands that the forfeiture is part of the

20   sentence that may be imposed in this case and waives any failure by the Court to advise

21   him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his

22   guilty plea is accepted.

23   28. The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and

24   equitable defenses to all constitutional and statutory challenges in any manner

25   (including direct appeal, habeas corpus, any jeopardy defense or claim of double

26   jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim

27   or defense under the Eighth Amendment to the United States Constitution, including

28

- 8 -

1    any claim of excessive fine or punishment, to any forfeiture carried out in accordance

2    with this plea agreement on any grounds.

3    29. The defendant knowingly and voluntarily agrees and understands the forfeiture of the

4    Money Judgment and the assets forfeited to satisfy the Money Judgment shall not be

5    treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any

6    other penalty this Court may impose upon the defendant in addition to the forfeiture.

7    30. The defendant agrees that the forfeiture provisions of this agreement are intended to,

8    and will, survive him, notwithstanding the abatement of any underlying criminal

9    conviction after the execution of this agreement. The forfeitability of any particular

10   property pursuant to this agreement shall be determined as if defendant had survived,

11   and that determination shall be binding on defendant's heirs, successors, and assigns

12   until the agreed forfeiture is collected in full.

13   31. If the defendant is able to find the private passkey to the 149.0252 Bitcoins in the cold

14   storage Wallet 14wpbHaX2KFUijyQVrwBLSnoyF2VRsH7Mh, he must provide it to

15   the government. Once the defendant provides the private passkey to the government,

16   the Bitcoins shall be forfeited to the United States and their value shall be applied to

17   the defendant's forfeiture money judgment.

18   32. If the government is able to find the private passkey to the 149.0252 Bitcoins in the

19   cold storage Wallet 14wpbHaX2KFUijyQVrwBLSnoyF2VRsH7Mh, the government

20   will liquidate the Bitcoins and apply their value to the defendant's forfeiture money

21   judgment.

22   33. Any value in the 149.0252 Bitcoins in the cold storage Wallet

23   14wpbHaX2KFUijyQVrwBLSnoyF2VRsH7Mh exceeding $884,203.93 will be

24   returned to the defendant.

25   34. The defendant agrees not to contest the administrative forfeiture of and to forfeit all

26   right, title and interest in the following assets:

27        a. $16,930 in cash hidden in a metal "Aluminum Composites" book safe seized

28           from the defendant's residence;

- 9 -

1       b.  Mossberg 12 gauge shotgun, serial number J285947, with pistol grip and ammo

2          grip in black canvas bag seized from the defendant's trailer;

3       c.  Ruger Model SR45 handgun, serial number 380-05199, with ammunition seized

4          from the defendant's trailer;

5       d.  Springfield SAXD 9 mm handgun, serial number XD256415 seized from the

6          defendant's trailer;

7       e.  Beretta Nano handgun, serial number NU112615, with holster seized from the

8          defendant's trailer;

9       f.  4,102 rounds of ammunition seized from the defendant's trailer;

10       g.  Bushnell Trophy scope seized from the defendant's trailer;

11       h.  Viper Vortex Rifle scope seized from the defendant's trailer;

12       i.  $500 seized from the defendant's 2000 Ford Taurus; and

13  35. If any of the property described above, as a result of any act or omission of the

14     defendant:

15       a.  cannot be located upon the exercise of due diligence;

16       b.  has been transferred or sold to, or deposited with, a third party;

17       c.  has been placed beyond the jurisdiction of the court;

18       d.  has been substantially diminished in value; or

19       e.  has been commingled with other property which cannot be divided without

20          difficulty,

21     the United States of America shall be entitled to forfeiture of substitute property

22     pursuant to Title 21, United States Code, Section 853(p).

23  36. Nothing in this plea agreement shall be construed to protect the defendant from civil

24     forfeiture proceedings or prohibit the United States from proceeding with and/or

25     initiating an action for civil forfeiture. Further, this agreement does not preclude the

26     United States from instituting any civil proceedings as may be appropriate now or in

27     the future.

28                   Abandonment

37. The defendant agrees to voluntarily abandon and relinquish any and all interest he has in the property seized from him during the execution of the search warrants on October 16, 2015 of the defendant's residence at 15525 Lago Del Oro Parkway, of the defendant's trailer at 3830 East Hawser Street, and in the defendant's car, a white 2000 Ford Taurus Arizona license plate AVM3506, that is not identified specifically in the above forfeiture section. The defendant agrees he was provided with copies of the search warrant returns itemizing the property that was seized.

38. The defendant agrees that the property in which he is voluntarily abandoning and relinquishing any and all interest includes but is not limited to:

    a. Any and all seized electronic and computer equipment including but not limited to hard drives, thumb drives, SD cards, compact disks, laptop computers, etc.;

    b. Any and all seized prescription and non-prescription drugs;

    c. Any and all mailing supplies and postage;

    d. Heat sealer, scales, vacuum sealer bags, heroin purity test, and other drug trafficking supplies; and

    e. A white Samsung Galaxy phone seized from the defendant's Ford Taurus and a Kyocera Cellular phone seized from the defendant's residence.

39. **Further, the defendant agrees to return the copies of the seized electronic evidence he was provided during the prosecution of this case back to the government prior to sentencing.**

<u>Waiver of Defenses and Appeal Rights</u>

40. Provided the defendant receives a sentence in accordance with this fast-track plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether

- 11 -

1    defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and

2    any sentencing guideline determinations. The sentence is in accordance with this

3    agreement if the sentence imposed does not exceed 235 months imprisonment if the

4    District Court determines the defendant is "safety valve" eligible or 120 months

5    imprisonment if the District Court determines the defendant is not "safety valve"

6    eligible. The defendant further waives: (1) any right to appeal the Court's entry of

7    judgment against defendant; (2) any right to appeal the imposition of sentence upon

8    defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any

9    right to appeal the district court's refusal to grant a requested variance; (4) any right to

10   collaterally attack defendant's conviction and sentence under Title 28, United States

11   Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for

12   modification of sentence, including under Title 18, United States Code, Section

13   3582(c). The defendant acknowledges that this waiver shall result in the dismissal of

14   any appeal or collateral attack the defendant might file challenging his conviction or

15   sentence in this case. If the defendant files a notice of appeal or a habeas petition,

16   notwithstanding this agreement, defendant agrees that this case shall, upon motion of

17   the government, be remanded to the district court to determine whether defendant is in

18   breach of this agreement and, if so, to permit the government to withdraw from the plea

19   agreement. This waiver shall not be construed to bar an otherwise-preserved claim of

20   ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is

21   defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

22   41. **The only exception to the defendant's waiver of appellate rights is that the parties**

23   **agree and stipulate that the defendant may appeal the District Court's denial of**

24   **the defendant's motion to supress. (Doc. 92). Pursuant to Fed.R.Crim.P. 11(a)(2),**

25   **should the defendant prevail on an appeal of the District Court's denial of the**

26   **defendant's motion to suppress (Doc. 92), the defendant may withdraw his guilty**

27   **plea. The defendant understands that the United States retains the right to oppose**

28   **on any grounds any challenge the defendant may make under the limited right to**

1    **appeal his conviction set forth above.**

2                                          Breach of the Agreement

3    42. If the defendant fails to comply with any obligation or promise pursuant to this

4         agreement the United States:

5              a.  may, in its sole discretion, declare any provision of this agreement null and void

6                   and the defendant understands that he shall not be permitted to withdraw the plea

7                   of guilty made in connection with this agreement;

8              b.  may prosecute the defendant for any offense known to the United States for

9                   which the defendant is responsible, and the defendant waives any statute of

10                 limitations, Speedy Trial Act, and constitutional restrictions for bringing charges

11                 after the execution of this agreement; and/or

12            c.  may argue for a maximum statutory sentence for the offenses to which the

13                 defendant has pled guilty.

14                                        Reinstitution of Prosecution

15   43. If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court

16        in a later proceeding, the government will be free to prosecute the defendant for all

17        charges as to which it has knowledge, and any charges that have been dismissed because

18        of this plea agreement will be automatically reinstated. In such event, the defendant

19        waives any objections, motions, or defenses based upon the Speedy Trial Act or the

20        Sixth Amendment to the Constitution as to the delay occasioned by the later

21        proceedings. Defendant agrees that the stipulated sentencing ranges set forth under

22        "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

23                                        Perjury and Other Offenses

24   44. Nothing in this agreement shall be construed to protect the defendant in any way from

25        prosecution for perjury, false declaration or false statement, obstruction of justice, or

26        any other offense committed by the defendant after the date of this agreement. In

27        addition, if the defendant commits any criminal offense between the date of this

28        agreement and the date of sentencing, the government will have the right to withdraw

1    from this agreement. Any information, statements, documents, or evidence the

2    defendant provides to the United States pursuant to this agreement, or to the Court, may

3    be used against the defendant in all such prosecutions.

4    <u>Plea Addendum</u>

5 45. This written plea agreement, and any written addenda filed as attachments to this plea

6    agreement, contain all the terms and conditions of the plea. Any additional agreements,

7    if any such agreements exist, shall be recorded in a separate document and may be filed

8    with the Court under seal. Accordingly, additional agreements, if any, may not be in

9    the public record.

10    <u>WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS</u>

11    <u>Waiver of Rights</u>

12 46. I have read each of the provisions of the entire plea agreement with the assistance of

13    counsel and understand its provisions. I have discussed the case and my constitutional

14    and other rights with my attorney. I understand that by entering my plea of guilty I will

15    be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine,

16    and compel the attendance of witnesses; to present evidence in my defense; to remain

17    silent and refuse to be a witness against myself by asserting my privilege against self-

18    incrimination; all with the assistance of counsel; to be presumed innocent until proven

19    guilty beyond a reasonable doubt; and to appeal.

20 47. I agree to enter my guilty plea as indicated above on the terms and conditions set forth

21    in this agreement.

22 48. I have been advised by my attorney of the nature of the charges to which I am entering

23    my guilty plea. I have been advised by my attorney of the nature and range of the

24    possible sentence, and that I will not be able to withdraw my guilty plea if I am

25    dissatisfied with the sentence the court imposes.

26 49. My guilty plea is not the result of force, threats, assurance or promises other than the

27    promises contained in this agreement. I agree to the provisions of this agreement as a

28    voluntary act on my part, rather than at the direction of or because of the

1    recommendation of any other person, and I agree to be bound according to its
2    provisions. I agree that any Sentencing Guidelines range referred to herein or discussed
3    with my attorney is not binding on the Court and is merely an estimate.

4    50. I agree that this written plea agreement contains all the terms and conditions of my plea
5    and that promises made by anyone (including my attorney) that are not contained within
6    this written plea agreement are without force and effect and are null and void.

7    51. I am satisfied that my defense attorney has represented me in a competent manner.

8    52. I am not now on or under the influence of any drug, medication, liquor, or other
9    intoxicant or depressant, which would impair my ability to fully understand the terms
10   and conditions of this plea agreement.

11   <div align="center">Factual Basis and Relevant Conduct</div>

12   I further agree that the following facts accurately describe my conduct in connection
13   with the offense to which I am pleading guilty and that if this matter were to proceed to
14   trial the government could prove these facts beyond a reasonable doubt:

15
16   I, Gary Colldock, was a vendor of illegal narcotics, prescription drugs,
     bitcoins, firearms, and ammunition on the dark web. I marketed my illegal
17   products to large numbers of people on websites accessed through the dark
     web and received orders and payments through the dark web. I shipped my
18   illegal products to my customers using the United States Postal Service. As
     part of my illegal operation, on October 16, 2015, in and around Tucson, in
19   the District of Arizona, I possessed with the intent to distribute 699.34 grams
20   of 80% or greater in purity methamphetamine.

21   I further agree that as relevant conduct, on October 5, 2015, October 13,
22   2015, and October 16, 2015, in and around Tucson, in the District of Arizona,
     I mailed packages containing methamphetamine, cocaine, and prescription
23   drugs for distribution to various individuals across the United States through
24   the United States Postal Service. I mailed a total of 50 packages of narcotics
     over that three-day period. These mailings were part of my illegal dark web
25   operation.

26
     I also agree I knowingly maintained a trailer on Hawser Street in which I
27   stored my illegal narcotics and necessary materials for my drug distribution
28   business including my postage supplies and computers that accessed the dark

<div align="center">- 15 -</div>

web. This trailer was used for my illegal business. No one lived at this location.

In dealing the illegal narcotics through the dark web, the main currency I received for selling narcotics was Bitcoin. I agree that the 149.0252 Bitcoins in the cold storage Wallet 14wpbHaX2KFUijyQVrwBLSnoyF2VRsH7Mh are proceeds from my illegal activities.

5-28-2019
_____
Date

*(signature)*
_____
Gary Steven Colldock
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea (including the maximum statutory sentence possible and the mandatory minimum sentence), and that the defendant is waiving the right to appeal or otherwise challenge the conviction and sentence, except for the appeal of the denial of his motion to suppress (Doc. 92). I have discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I have concluded that the entry of the plea as indicated above on the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

5-28-2019
_____
Date

*(signature)*
_____
Mark Willimann, Esq.
Attorney for Defendant

## GOVERNMENT'S APPROVAL

1    I have reviewed this matter and the plea agreement. I agree on behalf of the United

2  States that the terms and conditions set forth are appropriate and are in the best interests of

3  justice.

4                                            MICHAEL BAILEY
                                             United States Attorney
5                                            District of Arizona

6
        5/28/19
7   _____            _____
        Date                                Lori L. Price
8                                            Assistant U.S. Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28